(Decided June 16th, 1896).

---

# THE DROVERS' AND MECHANICS' NATIONAL BANK OF BALTIMORE vs. ADRIAN HUGHES, TRUSTEE.

*Sale Under Decree of Personal Property Held by Life Tenant With Contingent Remainders Over—Representation of the Whole Ownership.*

A testator bequeathed certain shares of stock to his daughter E. for life, with remainder to her children, and in default of her issue, to the other children of the testator.   An account was stated in the Orphans' Court by which the shares were distributed to E. for life only.   Subsequently, upon a bill against E. and her issue, the other children of the testator and his executors, a decree was made for the sale of said shares.   Appellant, the corporation whose shares were in question, had possession of the certificate as collateral security for a loan to E. and refused to surrender the same because other persons, not then in being, might become interested in the shares and would not be bound by the decree so as to relieve the appellant from liability.   *Held*, that since the distribution to E. was for life only, the title to the remaining interest continued in the executors, and such interest being represented in the suit by them, a sale under the decree would pass the whole interest.

Appeal from an order of the Circuit Court of Baltimore City (Dennis, J.), directing the appellant to deliver to the appellee, for the purpose of a sale as provided for by a decree in the cause, a certificate of stock in the appellant bank, after payment of a certain indebtedness thereon due to the appellant.

The cause was argued before McSherry, C. J., Bryan, Briscoe, Page, Roberts and Boyd, JJ.

*James McColgan,* for the appellant.

*Thomas Hughes,* for the appellee.

The bill was filed for a sale of all the property bequeathed to Mrs. Reid, which consisted of leasehold property in Baltimore City and the stock in question ; as stated, all parties in being who could in any manner be interested in the legacies to Mrs. Reid, were parties to the proceeding, and the executors, under the will, were made defendants ; the sale was asked for upon the ground that it was to the benefit and advantage of the parties interested to make said sale, and to reinvest the proceeds in different securities ; the defendants all answered assenting to the decree, testimony was taken and the Court decreed a sale accordingly, appointing a trustee to make the sale instead of a receiver, as the bill requested, but directing, however, that the trustee should refrain from selling the stock until the certificate had been obtained by him. The trustee applied to the Court, asking that the bank should be directed to transfer and deliver the certificate to the trustee, the certificate having gotten into the possession of the bank in consequence of a loan to the life tenant and her two children, they having hypothecated the certificate with the bank as security for said loan.

, The Court directed the bank to transfer and deliver the certificate to the trustee, upon the payment of the indebtedness due to it, and from this the bank appealed upon the ground as above stated, that parties not then in being and in consequence not therefore parties to the case, might

hereafter come into being under the provisions of the will, and that hence the bank would be liable for having made the transfer in pursuance of a decree in a proceeding wherein said parties were not bound. This objection would appear to be effectually answered by the consideration that such parties, although not in being, were bound by *representation.* Unless such future parties were in some manner bound by representation most disastrous results would ensue to all estates situated as this, for however undesirable and precarious the investment, and however certain would appear its ultimate loss to the estate, there would in the absence of such a principle of representation be no way of providing against the consequences of holding on to such an investment ; in the case at bar the consequences of the investment becoming precarious, are doubly disastrous, for by the National Banking Act not only might the stock be lost but also an additional amount up to its par value.

As the distribution was alone to the life tenant, unqualifiedly therefore there was no distribution to the remaindermen, and consequently the executors represented the persons in remainder including those not in being. *Long* v. *Long*, 62 Md. 68 ; *Gordon* v. *Small*, 53 Md. 51 ; *Phelp's Equity*, sec. 30.

PAGE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City, directing the appellant bank to transfer and deliver to the appellee, trustee, for the purpose of a sale, certain stock which had formerly belonged to the estate of William Eden, and which the Court had decreed to be sold by the said trustee. By the first paragraph in the will of William Eden this stock was bequeathed to Mrs. Emma Reid for life, and at her death to be " divided equally among her children, the child or children of any deceased child to represent their said parents' interest only," and in the event of her death without leaving children the testator directed

that the stock should go to his " remaining children share and share alike, the child or children of any deceased child to represent their said parents' interest only."

In May, 1895, a bill to which Mrs. Reid and her descendants, the other children of William Eden and their descendants, and the executors of William Eden, are parties, was filed, in which it is substantially alleged, that certain leasehold property (included in the first clause of William Eden's will) was so dilapidated and decayed that it was necessary to prevent the entire loss of the improvements thereon, for a receiver to be appointed to take charge of it, and to make the necessary expenditures to restore it to a tenantable condition ; and that the only source from which the funds requisite for this purpose could be obtained was from the sale of bank stock ; and that for other reasons stated, it would be for the benefit and advantage of all parties interested, either, that such sale should be made, and so much of the proceeds thereof as was necessary should be applied to the making of such expenditures ; or, that the houses on Parrish alley be sold. On 5th June, 1895, the Court decreed the stock to be sold for the purpose of making the improvements, and of reinvesting the residue of the proceeds of the sale ; and in the event there should be no market for the stock, &c., that the real property should be sold ; and appointed the appellee, trustee, to make the sale of the stock and of the leasehold property.

On 10th October, 1895, the appellee filed a petition to the Court, alleging that the appellant had in its keeping the certificate representing the stock in question, that the petitioner had demanded possession thereof ; but the bank declined to deliver it, stating " it had obtained possession thereof from Emma E. Reid, the life tenant, who had herself obtained the same from the executors under said will," and that the bank held it as " collateral security for a payment of a personal obligation due by the said Emma E. Reid and two of her children to said bank ; " the petitioner

therefore prayed for an order on the bank to show cause why said stock should not be delivered and transferred to him, trustee, for the purposes provided for by the decree. The bank in its answer admitted the passage of the decree, but avers it was not made a party ; it denies that all the parties interested are parties to the suit, nor could be so made, since it cannot be known who are the parties in interest under William Eden's will, until after the death of Emma Reid. The bank further alleged, that it holds the certificate to secure the payment of a balance of $260, due on the promissory note of Emma Reid and her two children, William and Harry ; that at present the title of Mrs. Reid and her two children represents the complete title ; and tenders itself willing to deliver possession of the stock upon payment of balance due it, but claims to be entitled to retain it until that balance is paid. From the order of Court directing the bank to transfer and deliver the stock to the appellee, this appeal is taken.

The counsel for the appellants in his brief presented but two points for our decision : 1st. That the Court had no jurisdiction to pass the decree. 2nd. That the allegations in the bill were not sufficient to justify a sale of the stock in question for the purpose of putting improvements upon other property, which *prima facie* does not pay expenses. At the argument the only contention pressed upon us was that persons, not now in being, might hereafter become interested in the stock, and the decree of the Court could not bind them, so that the bank should be relieved from liability to them, they not having been made parties. · As this contention seems to concede the validity of the decree, so as to bind all who are parties, we shall only consider the question whether in the present state of the case, parties not yet in being, are represented in such a manner as to be bound by the proceedings.

Under the will of Wm. Eden, Emma E. Reid took a life estate in the property mentioned in the second paragraph of the will, with vested remainders to her children, subject to

open and let in after-born children.  The rights of these after-born children, being thus derived under the will, even if the property were real estate, could not be destroyed by the act of any of the living children, and the doctrine of representation could have no application so far as they are concerned.

Upon the death of the testator, however, all the property mentioned in the second clause of the will passed to the executors, and the title thereof vested in them from that period, *Dempsey* v. *McNally*, 73 Md. 433 ; and so remains, unless by some act of theirs, or by operation of law, they have parted with it.  *Rockwell* v. *Young*, 60 Md. 566.

Now, the only distribution made by the executors was that contained in their first account.  There, they are allowed for " the following, passed over and delivered to the legatees and devisees mentioned, &c.," and then follows : " To Emma E. Reid," the property mentioned in the second clause of the will, including the stock in question.  It further appears that the only assignment made by them of the stock, was to Mrs. Reid " for life only," so that it would seem, that while the life interest was transferred to Mrs. Reid, the title to the remainder continues in the executors, and is still undistributed.  In *Woelfel* v. *Evans*, 74 Md. 347, a married woman died intestate, leaving a husband and five children surviving her.  Letters of administration were granted to the husband.  In his account he claimed and received an allowance for the " balance of the estate retained by him as the surviving husband and tenant for life, with remainder to his children," etc.  This Court held the distribution was incomplete and that the Orphans' Court had authority to order a sale of the property, " for purposes of final distribution."  In *Smith* v. *Doe*, 33 Md. 443, a testator bequeathed certain leasehold property to his wife for life, and, after her death, to her son for life, and, then to an illegitimate son absolutely.  The wife as sole executrix paid all the debts of the estate, and took possession of the property absolutely, without having made any other transfer,

conveyance or sale, or having obtained any order of the Orphans' Court as executrix or otherwise. Upon her death her son took possession of the property and retained it until his death. The residuary devise to the illegitimate son having failed, that interest remained undisposed of by the will. Twenty years after the death of the second tenant, letters of administration *d. b. n. c. t. a.* were granted to the plaintiff's lessor, who brought ejectment against the party in possession. It was contended that the debts having been paid off, and the property having passed into the possession of the two life tenants by the assent of the executrix, the estate must be taken as having been fully administered, and that the next of kin were entitled to take, after the expiration of the estates for life, without any further administration act on the part of the executrix. But the Court held, that, though the estate was administered to the full extent, that the legatees for life were allowed to enjoy their legacies, yet, it did not follow by any means that the estate was therefore fully administered in regard to the rights of all other persons. "Until distribution of the residuum of the estate to the next of kin, there was not full and complete administration ; for without distribution according to law, the rest of kin could neither claim nor sue for any specific property of the estate." Under the authority of these cases, it follows that the title to the stock in question, after the expiration of the particular estate in Mrs. Reid, remained in the executors ; and if this be so, they are the representatives of the whole estate. In *Long et al.* v. *Long*, 62 Md. 68, this Court, in regard to the want of representation in the sale of the property therein mentioned, expressly stated that what they had previously said "only applies to the real estate, as such, and not to any personal or leasehold estate. In regard to the latter, the trustee held the legal estate until the trust was ended by the limitation of the lives of the life tenants, and he was the sole representative of that estate. Being a party to the decree whereby the leasehold interest was ordered to be converted into

money, those entitled in remainder are bound and concluded by the decree."

It follows from what we have said that the decree appealed from must be affirmed.

*Decree affirmed.*

(Decided June 16th, 1896).