# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 25, 1897.

PEYTON M. HUGHES, TRUSTEE,
VS.
THE DROVERS AND MECHANICS' NATIONAL BANK OF BALTIMORE CITY.

*Henry C. Kennard* for plaintiff.
*Jas. McColgan* for defendant.

STOCKBRIDGE, J.—

By the second clause of the will of John Carnes, he devised to his daughter, Margaret Pawley, a house, No. 128 N. Eden street, a ground rent at the corner of Monument and Durham streets, and twenty shares of the stock of the National Drovers and Mechanics' Bank, and then says: "All of which is to be transferred to her in her own name, to use the interest thereof as long as she may live, and at her death, to be equally divided among her children, unless she becomes a widow, then she is to have full control of this bequest to do with it as she pleases." This case deals only with the shares of stock in the National Drovers and Mechanics' Bank, and, therefore, it is only necessary to follow out that portion of the estate.

On the 14th day of May, 1884, the first and apparently the final account was passed by the executrices in the Orphans' Court, by which there was distributed to "Martha Pawley, a daughter of said deceased," the twenty shares of stock of the National Drovers and Mechanics' Bank devised as before mentioned, and upon the day following, May 15th, the Orphans' Court passed

an order directing "that the executrices have transferred to the legatees under the will, viz: Margaret Pawley, twenty shares of the stock of the National Drovers and Mechanics' Bank of Baltimore," thus carrying out to the letter the directions as contained in the will.

In accordance with the will and the order, the said stock was so transferred to "Margaret Pawley, who subsequently sold and disposed of the same to various persons, and the stock has been transferred by the Bank to the assigns of Mrs. Pawley. The present proceeding is one by Peyton M. Hughes, trustee, to require the Bank the issuance to him of a certificate or certificates for the twenty shares of its stock, or to account to him in money therefor, upon the ground that the transfer or transfers by Mrs. Pawley were illegal and void, she having but a life interest in the property under the terms of the will of Mr. Carnes, of which fact the Bank was bound to take notice, and carry into effect the will.

There is no question of fact in dispute. The sole question is one of law, and the plaintiff relies upon the cases of Stewart and Duffy, trustees, vs. The Firemen's Insurance Co., 53 Md. 564, and Marbury, trustee, vs. Ehlen et al., 72 Md. 213, in support of his contention. Reference was also made to the case of Drovers and Mechanics' National Bank vs. Hughes, 83 Md. 355, as bearing out the same principle: a careful examination of this case however does not disclose anything in it to make it controlling in the present suit. The theory of the plaintiff seems to be that, given the fact of a will, the corporation defendant must be taken to have knowledge of all that the will contains, and to construe and carry out that will in every provision.

The correct rule in such cases seems to be that laid down by the Court of Appeals in the very recent case of Grafflin vs. Robb et al. (35 Atlantic Reporter, 72, DAILY RECORD of December 10, 1896), that "while the law very properly requires all persons dealing with trustees in reference to the sale or purchase of trust property to exercise reasonable care to ascertain if such trustee is acting within the limits of his power, yet it does not establish an arbitrary rule which it is or may be impossible to obey. Each case involving a transaction like the one before us must be considered and determined in the light of the facts therein presented."

In each of the cases relied on by the plaintiff we have presented the case where the stock transferred by the executors was issued in the name of a trustee or trustees, thus putting the corporation issuing it under notice that it was not held by the persons in whose names the certificates were made out in their individual capacities, and therefore upon inquiry as to the terms, conditions or limitations upon which it was held, and it has for this reason been decided with that notice, the corporations were bound to have and take cognizance of all the limitations and conditions attaching to such stock. It it not merely that the transfer of the stock which has stood in the name of a deceased person is made by his executors which binds the corporations to notice, for in that case every corporation would be required to keep a full file of all the wills of persons who might die owning any of its stock, but that the transferee of the executor as well is acting in some fiduciary capacity. But that does not exist in this case. The will of Mr. Carnes in terms directs that the stock be transferred to Margaret Pawley, "in her own name," the order of the Court did likewise carrying out exactly the terms of the will. There was not the slightest circumstance to suggest to the Bank or its officials that the stock was impressed with any trust, or that there was any limitation whatever upon the holding of Mrs. Pawley in the stock, or put them upon any inquiry with regard thereto, and the Bank was therefore amply justified, indeed it could have been compelled to so issue the stock to "Margaret Pawley," and being so issued, any bona fide purchaser from her could in like manner, have compelled the transfer by the Bank of the stock.

There is no suggestion whatever that the sales and transfers by Mrs. Pawley were not for full and valuable consideration, nor in the view before expressed of the law is there any indication of any fraud, collusion or laches on the part of the Bank, and following therefore the Albert case, 2 Md. 159, re-affirmed in the case of Grafflin vs. Robb et al., supra, the bill in this case will be dismissed with costs.